## FEATHERSTON v. DAGNELL.

1. Evidence taken before a trial justice under the act of 1883 (18 *Stat.*, 373), is not admissible in evidence unless the officer certifies the existence of the reasons which authorize the taking of the testimony in that way, and unless it is shown at the trial that the witness is unable to appear, or is out of the county.
2. Findings of fact by the Circuit Judge from written testimony approved.
3. Where a deed, which upon its face appears to be based upon a voluntary consideration only, is attacked for fraud, the grantee may rebut the alleged fraudulent intent by showing that there was a valuable consideration for the conveyance.
4. If the reservation of a life estate in a deed rendered it void, a subsequent judgment creditor could not invoke the aid of the court to set the deed aside, as he would have an adequate legal remedy by levy and sale.

Before FRASER, J., Greenville, April, 1887.

This was an action by J. C. C. Featherston, assignee, against Louisa Dagnell and others. The case was heard by the Circuit Judge upon testimony taken and reported by the master. The opinion states the case.

*Mr. J. C. C. Featherston*, for plaintiff.

*Messrs. Perry & Heyward*, contra.

June 26, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiff, as assignee of a judgment recovered by one Sullivan against William Dagnell, brings this action to set aside certain deeds made by said William Dagnell to his children, who are defendants herein, upon the ground

that such deeds were voluntary and without valuable considera-
tion, and hence operate a fraud upon the creditors of said Wil-
liam Dagnell.

The testimony tends to show that two of the sons and a son-in-
law of William Dagnell bought the land in question from Mrs.
Bolling, and took a deed from her wherein the consideration
recited was thirty-seven hundred and fifty dollars. After this
purchase money was paid, the two sons and the son-in-law made
a deed for the land to William Dagnell, wherein the considera-
tion recited was the same amount, thirty-seven hundred and fifty
dollars, and on the same day William Dagnell divided the land
amongst his children, making separate deeds to each, in which
the consideration recited was "love and esteem." The allegation
on the part of the defendants, which seems to be supported by
the testimony, is, that this was done simply for the purpose of
dividing the land, William Dagnell never having had any real
interest therein. The judgment to which the plaintiff as assignee
is entitled never became a lien upon the land in question, because
it was recovered in Laurens County, and the transcript thereof
was not filed in the County of Greenville, where the land lies,
until two or three years after the conveyance to William Dagnell
and the reconveyance by him to his children. In the deed to
one of his children, Mrs. Kellett, William Dagnell reserved a life
estate for himself and wife, in a portion of the land conveyed.

It is stated in the "Case" that upon notice, certain witnesses
were summoned and examined before a trial justice in Laurens
County, against the objection of defendants' attorneys. Said tes-
timony, when opened at the trial, was found to be accompanied
by the following certificate of a trial justice: "South Carolina.
Laurens County. I hereby certify that the enclosed is the testi-
mony taken by me, as trial justice, on the 17th day of February,
1887, in the case of Featherston, assignee, against Dagnell *et al.*
(Signed) T. R. L. Wood, Trial Justice L. C." Defendants,
at the trial, objected to the use of this testimony, upon the ground
that the certificate was not in accordance with the statute, and
also because the testimony had not been taken down by either
the witnesses or trial justice as required by law.

The case was heard by his honor, Judge Fraser, who rejected

the testimony taken by the trial justice, because "this evidence
was offered without anything to show, as provided in the 3d sec-
tion of the act, that the witness was, at the time of the trial,
'dead or gone out of the county,' &c., as required in that sec-
tion," as well as for other irregularities not specified. He also
held that the fact that the deed from Mrs. Bolling was made to
the two sons and son-in-law of William Dagnell, and the mort-
gage and note given by them in part of the purchase money, was
*prima facie* evidence that the purchase money was paid by them
and not by William Dagnell, and that there was no sufficient evi-
dence to rebut the *prima facie* case thus made. He further held
that while willing to assume that, in face of the recital of a money
consideration in their deed to William Dagnell, they could not
show by parol anything that would make him a trustee for them,
yet the question still remained, whether the defendants could not
show by parol evidence that the deeds from William Dagnell to
his children rested upon some other consideration than that
recited in those deeds—"love and esteem"—and, upon the author-
ity of *Banks* v. *Brown* (2 Hill Ch., 558), such evidence was
held competent. And finding from the testimony that there was
other valuable consideration, to wit, the land itself, which had
been conveyed to William Dagnell for the very purpose of mak-
ing the deeds now sought to be set aside as voluntary, he held
that these deeds were not fraudulent and void as to creditors, and
therefore rendered judgment dismissing the complaint, "each
party paying his own costs."

From this judgment the plaintiff appeals substantially upon the
following grounds: 1st. Because of error in rejecting the testi-
mony taken by the Laurens trial justice. 2nd. Because of error
in holding that the proof that the two sons and son-in-law of
William Dagnell paid the purchase money to Mrs. Bolling, was
sufficient to establish that fact. 3rd. Because of error in receiv-
ing parol evidence to show a different or additional consideration
to that recited in the deeds from William Dagnell to his children.
4th. Because of error in not holding that the reservation of a
life estate in the deed to Mrs. Kellett rendered that deed void as
to creditors.

The first ground has not been urged by the counsel for appel-

lant, as it is not mentioned in his printed argument; but as it has not been formally abandoned, it is proper that we should consider it. We do not know that we can add anything to what the Circuit Judge has said in justification of his refusal to receive that testimony. The act of 1883 (18 *Stat.*, 373) confers special privileges upon certain prescribed conditions, and, according to the well settled rule, a party cannot avail himself of such privileges without complying with the conditions prescribed. The act expressly requires that the officer taking the deposition shall deliver or send it by mail or express to the court, together with a certificate of the reasons why the testimony has been taken in that way, and the certificate presented in this case contains no such reasons. The act also declares that the testimony so taken shall not be used in the cause "unless it. appears to the satisfaction of the court that the witness is then dead or gone out of the county or State, or to a greater distance than one hundred miles from the place where the court is sitting, or that by reason of age, sickness, bodily infirmity, or imprisonment he is unable to travel and appear at court;" and this the Circuit Judge says was not made to appear. It is clear, therefore, that there was no error in rejecting the testimony so taken.

The second ground of appeal presents a question of fact, and under the well settled rule we see no reason to impute error to the Circuit Judge for his finding therein.

The third ground presents the main question in the case. We think, however, that the ruling of the Circuit Judge is fully supported by the case of *Banks* v. *Brown* (2 Hill Ch., 558), cited by him, as well as by the case of *Henderson* v. *Dodd*, Bail Eq., *139. While it is true that parol evidence is inadmissible to vary, add to, or explain a deed, yet where a conveyance, which on its face appears to be voluntary, is impeached for fraud, it is competent for those claiming under it to show by parol that it was in fact made upon a valuable consideration. As is said by Evans, J., in delivering the opinion of the court in *Henderson* v. *Dodd*, *supra :* "It must be recollected that a voluntary deed is not necessarily void. Its being voluntary was only evidence of the fraudulent intent. Here the question was, whether the deed was fraudulent, and any evidence which went to show that no such

fraudulent intention existed, was admissible." This remark applies directly to the case under consideration. The plaintiff relied upon the fact that the deeds from William Dagnell to his children were fraudulent, because upon their face they appeared to be voluntary. Whether this was sufficient to show a fraudulent intent, was the question, and if in fact the deeds were based upon a valuable consideration, there could be no fraud. It seems to us, therefore, that there was no error in receiving the parol evidence offered to show what was the real consideration of the deeds, and that evidence fully justified the conclusion reached by Judge Fraser.

As to the fourth ground of appeal, we do not clearly see its pertinency to the present inquiry. If, as appellant contends, the reservation of the life estate rendered the deed to Mrs. Kellett absolutely void, and no title passed to that portion of the land in which the life estate was reserved, because "a deed cannot be limited to take effect *in futuro*," then we do not see why the plaintiff could not at once levy upon and sell under his execution the portion in which such life estate was reserved, and if so, then there is no foundation for the present action. But to avoid any misapprehension, we desire to add that we are not prepared to assent to the proposition contended for by appellant, that a reservation of the life estate necessarily rendered the deed void. The terms of the deed are not before us, and therefore we are not in a condition to enable us to decide anything upon that subject authoritatively.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.